UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHRISTOPHER ROBERTS, CAITLIN THROCKMORTON, and BRANDY MOORE individually on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | Case No.<br><br>COLLECTIVE ACTION |

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION COMPLAINT**

Plaintiffs Christopher Roberts, Caitlin Throckmorton, and Brandy Moore along with any other similarly situated employees who have joined or may join this action ("Plaintiffs"), by their attorneys, Shavitz Law Group, P.A. and Morgan and Morgan, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1. Plaintiffs brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of themselves and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA.

2. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay its non-exempt hourly Assistant Department Managers, including Plaintiffs and all other similarly situated employees, for all of their overtime hours worked based upon its unlawful policies and practices.

3. While Defendant required Assistant Department Managers to work overtime hours,

it did not pay them for all hours worked including time spent working inside Publix stores performing pre- and post-shift work off-the-clock required by Publix or their supervisors; time spent working during unpaid meal breaks; and time spent outside of Publix stores communicating with supervisors and co-workers, and other directives, off-the-clock.

4.  Accordingly, Defendant failed to record or compensate Plaintiffs and Assistant Department Managers for all of their hours worked in violation of the FLSA.

## THE PARTIES

*Plaintiffs*

5.  Plaintiff Christopher Roberts ("Roberts") is a citizen and resident of Calhoun, Tennessee.

6.  Plaintiff Roberts worked for Defendant as a non-exempt, hourly-paid Assistant Department Manager from approximately November 2019 to November 2021 at Defendant's stores in Cleveland, Tennessee and Chattanooga, Tennessee.

7.  Plaintiff Caitlin Throckmorton ("Throckmorton") is a citizen and resident of Douglasville, Georgia.

8.  Plaintiff Throckmorton worked for Defendant as a non-exempt, hourly-paid Assistant Department Manager from approximately March 2022 to May 2023 at several of Defendant's stores in the greater Atlanta area in Georgia.

9.  Plaintiff Brandy Moore ("Moore") is a citizen and resident of Weeki Wachee, Florida.

10. Plaintiff Moore worked for Defendant as a non-exempt, hourly-paid Assistant Department Manager from approximately September 2018 to approximately October 2021 at Defendant's store in Spring Hill, Florida.

11. At all times relevant, each Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12. Plaintiffs' written consent to join forms are attached as Exhibit A.

*Defendant*

13. Publix Super Markets, Inc. is a Florida corporation with its principal place of business in Lakeland, Florida.

14. Defendant operates more than 1,300 supermarkets in the United States including in Florida, Georgia, Alabama, South Carolina, Tennessee, North Carolina and Virginia.

15. At all times relevant, Publix was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Publix employed and/or jointly employed Plaintiffs and similarly situated employees within the meaning of the FLSA. Defendant has substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

16. Defendant directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq*.

18. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

20. At all times material to this Complaint, the Defendant was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

## FACTS COMMON TO ALL CLAIMS

### *The FLSA Collective*

21. The proposed FLSA Collective is defined as follows:

> All non-exempt hourly-paid Assistant Department Managers, who worked over 40 hours in any workweek, and work or worked in Defendant's stores throughout the United States on or after October 18, 2020 to the date of judgment of this action, .

### *Plaintiffs' Off-the-Clock Work*

22. Throughout their employment as Assistant Department Managers with Publix, Plaintiffs and similarly situated employees who are members of the proposed FLSA Collective performed work off-the-clock both inside and outside of the store without compensation and denying them overtime compensation.

23. While inside Publix stores, Plaintiffs and similarly situated employees who are members of the FLSA Collective worked off-the-clock prior to clocking in at the start of their shifts and after clocking out at the end of their shifts performing work that including walking the department with supervisors, cleaning, organizing, stocking, and assisting customers. In addition, Plaintiffs and similarly situated employees would clock out for meal breaks but were routinely interrupted during unpaid breaks to handle work matters that including responding to co-workers or supervisors inquires via text or phone, assisting customers, and/or completing paperwork and reports, and thus did not receive a *bona fide* meal break or complete payment for work performed during their meal break.

24. Upon information and belief, Defendant required that Plaintiffs and similarly situated employees who are members of the FLSA Collective work off-the-clock to control labor costs and expenses, and for its own convenience.

25. While outside of the Publix store, Plaintiffs and similarly situated employees who are members of the FLSA Collective performed work off-the-clock communicating with co-workers and supervisors via telephone calls and text messages and/or chats about work-related matters including, but were not limited to, scheduling, staffing, operations, goods and supplies, and customers. Defendant did not provide a method by which Plaintiffs and the FLSA Collective could record and be paid for such time worked outside of the store.

26. Pursuant to Defendant's policies and procedures, Defendant failed to record all of the hours worked by Plaintiffs and the other similarly situated Assistant Department Managers, thereby resulting in the failure to pay overtime in violation of the FLSA.

27. Plaintiffs estimate that they worked on average 5 unpaid overtime hours per workweek or more.

### *Defendant's Off-the-Clock Violations*

28. Plaintiffs and FLSA Collective members worked as non-exempt classified Assistant Department Managers at Publix retail grocery stores.

29. Defendant is aware that Plaintiffs and the FLSA Collective worked off-the-clock overtime hours. But, Defendant failed and continues to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiffs and the FLSA Collective to work off-the-clock hours, during which they performed their Assistant Department Manager duties.

30. Defendant maintains time records for its non-exempt hourly Assistant Department Manager throughout the United States.

31. However, those time records fail to accurately reflect all of the hours worked by Plaintiffs and the similarly situated retail associates, based upon Defendant's policies and procedures for requiring Plaintiffs and the similarly situated Assistant Department Managers to work off the clock and not crediting all time worked.

32. Defendant also failed to maintain a timekeeping system to track time worked outside of its stores despite its employees regularly working outside of its stores.

33. Defendant suffered and permitted Plaintiffs and the FLSA Collective to work while off-the-clock, but did not pay them for these unrecorded hours in violation of the FLSA.

34. Defendant knew or should have known that Plaintiffs and the FLSA Collective worked unpaid time because Defendant's managers and agents witnessed and permitted unpaid time

worked by Plaintiffs and the FLSA Collective inside and outside Publix stores.

35. Based upon Defendant's policies and procedures, Defendant failed to keep accurate records of hours worked by Plaintiffs and members of the FLSA Collective.

36. Defendant's failure to pay Plaintiffs and the FLSA Collective for all hours worked was due to a corporate policy to limit labor expenditures, preserve corporate profits, and for the inconvenience of its operations.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiffs brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the FLSA Collective.

38. Defendant assigned and/or has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

39. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendant in excess of 40 hours per workweek; and

   b. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for Defendant.

40. Defendant is aware or should have been aware that federal law requires it to pay Plaintiffs and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

41. Plaintiffs and the FLSA Collective all perform or performed the similar duties of Assistant Department Managers at Publix retail stores throughout the country.

42. Plaintiffs and the FLSA Collective all were compensated on an hourly basis.

43. Plaintiffs and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

44. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

45. Plaintiffs incorporates by reference all preceding allegations.

46. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

47. Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

48. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

50. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, each Plaintiffs was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52. Defendant has failed to pay Plaintiffs and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

53. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees who worked as Assistant Department Managers.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of Defendant's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

56. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

    C.      Pre-judgment interest and post-judgment interest as provided by law;

    D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

    E.      Attorneys' fees and costs of the action; and

    F.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Boca Raton, Florida

October 26, 2023

                                                      */s/* Gregg I. Shavitz
Gregg I. Shavitz, Trial Counsel
Florida Bar No. 11398
**SHAVITZ LAW GROUP, P.A.**
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
(561) 447-8888
gshavitz@shavitzlaw.com

Ryan Morgan, Trial Counsel
Florida Bar No. 0015527
Andrew Frisch
Florida Bar No. 27777
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
(407) 418-2069
rmorgan@forthepeople.com
afrisch@forthepeople.com

*Attorneys for Plaintiffs and the proposed FLSA Collective*