## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CASE NO. 8:23-CV-02447-WFJ-CPT

CHRISTOPHER ROBERTS, CAITLIN
THROCKMORTON, BRANDY
MOORE, CARTER HUBBS, and
JESSICA SCHAFER individually on
behalf of themselves, and all others
similarly situated,

        Plaintiffs,

    v.

PUBLIX SUPER MARKETS, INC.,

        Defendant.

## MOTION TO STAY

Defendant Publix Super Markets, Inc., pursuant to Fed. Rule Civ. P. 26(c) and M.D. Fla. Local Rule 3.01, requests that this Court stay all proceedings until after either (1) a decision granting Publix's Motion to Dismiss, or, if this Court declines to dismiss Plaintiffs' collective action and willfulness allegations and instead orders expedited discovery into Plaintiffs' situational similarity, (2) the completion of that discovery.[1]

---

[1] Even if this Court declines dismissal, a stay will permit a more efficient and effective disposition of the crucial question in this case at this stage—whether this matter may proceed on a collective action basis—since Publix's alternative request for relief (expedited, targeted discovery) would provide a reasonable path for the parties to engage in limited discovery aimed at proving or disproving the justification for notice to be distributed to almost 29,000 current and former employees who have worked in 1,360 stores in seven states.

## PROCEDURAL BACKGROUND

A little more than two months ago, Christopher Roberts, Caitlin Throckmorton, and Brandy Moore sued Publix under the Fair Labor Standards Act on behalf of themselves and a putative collective of Assistant Department Mangers (ADMs) for unpaid overtime.  (Dkt. 1).  On November 21, 2023, Plaintiffs amended their complaint to add Department Managers (DMs) to the proposed collective. (Dkt. 25).  In both pleadings, Plaintiffs asked the Court to authorize the distribution of notice (or even for the Court itself to distribute notice) to the putative collective "at the earliest possible time." (Dkt. 25 at 10).

On January 5, 2024, Publix moved to dismiss the collective action and willfulness allegations in the Amended Complaint, or, in the alternative, for expedited discovery to evaluate whether the opt-in plaintiffs are similarly situated given the number of current opt-ins and the types of allegations in the Amended Complaint.

## LEGAL STANDARD

Courts enjoy broad discretion to stay proceedings.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358,

1360 (11th Cir. 2002) ("At the heart of this case is the authority of the district court to control the pace of the litigation before it.").

Granting a motion to stay pending a motion to dismiss is an appropriate exercise of the Court's discretion.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) ("Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of [the] responsibility [to manage pretrial discovery]"); *Heghmann v. Hafiani*, No. 3:20-CV-670-BJD-JBT, 2021 WL 8775756, at *1 (M.D. Fla. Feb. 22, 2021) (granting motion to stay pending resolution of motions to dismiss); *Brexendorf v. Bank of Am., N.A.*, No. 6:17-CV-2065-RBD-GJK, 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) (same*); see generally Hershenhorn v. Am. Home Assurance Co.*, No. 2:21-CV-897-JES-MRM, 2022 WL 464207 (M.D. Fla. Feb. 15, 2022) (granting request to stay proceedings through the duration of mediation and while Defendant's motion to dismiss was under advisement).

In determining whether to grant a motion to stay pending the resolution of a motion, courts "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."  *Brexendorf*, 2018 WL 7252955, at *4 (quoting *Koock v. Sugar &*

3

*Felsenthal, LLP*, 2009 U.S. Dist. LEXIS 81153, at *5 (M.D. Fla. Aug. 19, 2009) and *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In other words, the Court must take a "preliminary peek" at the merits of the motion to dismiss to determine if it "appears to be clearly meritorious and truly case dispositive." *Id.*; *see also Washington v. Transunion, LLC*, 2021 WL 5416673, at *2 (M.D. Fla. Nov. 19, 2021) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.") (quoting M.D. Discovery (2021) § 1(E)(4)).

## ARGUMENT

Good cause exists to stay proceedings because Publix's pending Motion to Dismiss is dispositive of Plaintiffs' ability to proceed on a collective basis. Put another way, decision on that motion will determine whether this case proceeds only as to the named plaintiffs' individual claims, or whether it involves upwards of 29,000 people.

A preliminary peek of the motion to dismiss reveals that the Plaintiffs' collective action and willfulness allegations are unreasonable and cannot survive dismissal because the very nature of Plaintiffs' claims requires an individualized inquiry into the factual circumstances surrounding each potential plaintiff's allegations. Plaintiffs' contend that they worked off the clock before and after shifts, during unpaid breaks, and outside of working hours in response to calls

4

and text messages.  (*See* Dkt. 24).  No policy unites those claims.  No piece of evidence is common to those claims.

To the contrary, each stands alone, with evidence relevant to one saying nothing about the others.  If, for example, Wanda, a deli ADM, alleges that she worked at a store in Miami and her manager texted her after hours about her availability the coming week, evidence making her allegations more likely or not would say nothing about whether Doug, a Bakery DM at a store in Alabama, had to walk his Bakery before his shift because his store manager asked him to.

What's more, Plaintiffs' proposed collective is internally irreconcilable, containing both ADMs and DMs, some of the very people that the ADMs allege caused their off-the-clock work.  The two groups of associates have contradictory interests and cannot proceed together in the same collective.

Requiring Publix to proceed with litigation and engage in collective discovery pending decision on its motion to dismiss prejudices Publix[2] and imposes an undue burden at this stage.  Full discovery would include, potentially, almost 29,000 individuals with various positions, supervisors, and responsibilities

---

[2] Publix has long prided itself on its relationship with its Associates.  That's led to 25 straight years of awards for being a great place to work.  *See, e.g.,* https://www.greatplacetowork.com/certified-company/1000405 (last visited January 3, 2024).  Prematurely engaging in a notice process that tells over 16,000 current employees—many of whom may not understand that being accused of unlawful conduct does not mean guilt—that Publix may have violated the law based on the word of 75 mostly former associates will prejudice Publix's reputation with only a microscopic chance of any corresponding benefit.

at Publix's 1,360 locations in seven states depending on the landscape of litigation when discovery commences in due course.  "[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Chudasama*, 123 F.3d at 1368; *see also In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 304-CV-194J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). Granting a stay here makes that possible.

A stay is appropriate even if this Court declines to dismiss Plaintiffs' collective action claims and instead orders expedited discovery.  If that happens, allowing full discovery to proceed would contradict the Court's order, and any decision on, for example, a motion for conditional certification would undermine the purpose of the expedited proceedings as well.

## CONCLUSION

For these reasons, Publix respectfully requests that this Honorable Court enter an order: (1) staying all proceedings pending resolution of Publix's Motion to Dismiss or, in the alternative, (2) stay any decision on collective certification until after completion of any expedited discovery allowed in lieu of dismissal.

6

DATED:  January 5, 2024                Respectfully submitted,

By: */s/ Brett C. Bartlett*
_____

    Brett C. Bartlett
    *Special Admission*
    GA Bar No. 040510
    bbartlett@seyfarth.com
    Lennon B. Haas
    *Special Admission*
    lhaas@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, GA  30309-3958
    Telephone:     (404) 704-9690
    Facsimile:      (404) 724-1739

    Samuel J. Salario, Jr.
    Fla. Bar. No. 83460
    Jason Gonzalez
    Fla. Bar. No. 146854
    LAWSON HUCK GONZALEZ, PLLC
    1700 S. MacDill Avenue, Suite 300
    Tampa, FL. 33629
    Tel: 813.765.5113
    samuel@lawsonhuckgonzalez.com
    jason@lawsonhuckgonzalez.com
    michelle@lawsonhuckgonzalez.com
    marsha@lawsonhuckgonzalez.com

    *Counsel for Defendant*
    *Publix Super Markets, Inc.*

**<u>Local Rule 3.01(g) Certification</u>**

Pursuant to Local Rule 3.01(g), undersigned counsel for Publix certifies that counsel for Publix has conferred with counsel for Plaintiffs by email and that Plaintiffs oppose the relief requested by this motion.

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on January 5, 2024, I electronically filed the foregoing with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/  *Brett C. Bartlett*
Attorney for Defendant