# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CHRISTOPHER ROBERTS, CAITLIN THROCKMORTON, BRANDY MOORE, CARTER HUBBS, and JESSICA SCHAFER individually on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIX SUPER MARKETS, INC. <br><br> Defendant. | Case No. 8:23-cv-02447-WFJ-CPT <br><br> COLLECTIVE ACTION <br><br> Judge William F. Jung <br><br> Magistrate Judge Christopher P. Tuite |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 1/8/2024. Brett Bartlett, Lennon Haas, and Jason Priebe attended the conference on behalf of Defendants. Gregg Shavitz and C. Ryan Morgan attended on behalf of Plaintiffs.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Plaintiffs' Proposed Date* | Defendant's Proposed Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/15/2024 | 2/15/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/15/2024 | 3/15/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).     Plaintiff | The Parties request permission to advise within 30 days of the close of the opt-ins period should notice issue or within 30 days of any denial of 216b. | 11/15/2024 |
| Defendant | Enter a date. | 12/20/2024 |
| Rebuttal | Enter a date. | 1/21/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | It is Plaintiffs' position that this depends on to what extent representative discovery is agreed upon and how much opt-in participation should Notice issue. Plaintiffs request permission to advise of the deadline within 30 days following any ruling on | 2/21/2025 |

---

* For the reasons detailed in Paragraph 7, Plaintiffs believe that it is premature to set a discovery schedule prior to a ruling on their forthcoming motion for conditional certification. However, to the extent the Court disagrees, they provide this proposed schedule.

| | | |
|---|---|---|
| | representative discovery. | |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | Within 90 days following the Close of opt-in discovery should Notice issue and within 90 days of the close of discovery should conditional cert be denied. | 3/21/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Mediator: Michael Russell, Miles Mediation, 120 Brentwood Commons Way, Suite 515, Brentwood, TN 37027 | Within 60 days following the close of the opt-in period b/c then the collective will be identified or within 60 days of a ruling on 216b to the extent Notice is denied | 11/15/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 5 months following the close of opt-in discovery or 5 months following any denial of 216b. | 8/21/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 6 months following the close of opt-in discovery or 6 months following any denial of 216b(s) | 9/12/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 6 months following the close of opt-in discovery or 6 months | 9/19/2025 |

| | | |
|---|---|---|
| | following any denial of 216(b) | |
| Month and year of the trial term. | 7 months following the close of opt-in discovery or 6 months following any denial of 216(b) | October 2025 |

The trial will last approximately 14 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

This putative Fair Labor Standards Act collective action seeks to recover alleged unpaid overtime on behalf of a proposed collective that Defendant reports to include almost 29,000 current and former Publix Assistant Department Managers and Department Manager.  Plaintiffs claim that they worked off the clock before and after their shifts, during unpaid meal breaks, and by sending and responding to text messages while not on-the-clock.  Defendants have moved to dismiss Plaintiffs' collective action and willfulness claims because of the individualized inquiries inherent in assessing liability for the claims asserted and the lack of plausible factual allegations that Publix willfully violated the FLSA.  Defendants have, in the alternative, moved the Court for expedited discovery to inform its determination of whether Plaintiffs can sustain their burden to prove they are similarly situated to one another under § 16(b) of the FLSA.

4. **Disclosure Statement**

☒  The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

*The parties disagree on the question of whether to request a preliminary in-person pretrial conference at this time. The parties state their respective positions here; and they check the box associated with their respective positions. Defendant's statement of position begins on page 6, below:*

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

**Plaintiffs' Position** – This is a typical Fair Labor Standards Act collective action case brought on behalf of employees who worked unpaid overtime hours off-the-clock and without compensation. Plaintiffs maintain that the typical practice should apply which is the Plaintiffs first file a motion for conditional certification. If granted, a notice of this lawsuit will issue to the putative Fair Labor Standards Act collective members who then will have a chance to join the lawsuit. Plaintiffs anticipate filing their motion for conditional certification within one week or less. The Eleventh Circuit follows a two-step process for conditional certification. "The first stage in the two-step approach to certification employed in the Eleventh Circuit holds out a very low bar for plaintiffs to become conditionally certified." *Florence v. Deli Mgmt.,* 2018 U.S. Dist. LEXIS 221794, at *2 (N.D. Ga. Dec. 18, 2018) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217-18 (11th Cir. 2001). To satisfy the initial lenient burden regarding notice and FLSA conditional certification,

"plaintiff[s] need only show that their positions are similar, not identical to the positions held by the putative class members." *Id*. at 1217. "At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1218. Defendant's request to conduct discovery before conditional certification is contrary to law. *Id.* Such discovery will address merits and credibility issues and factual disputes, which are not considered via a motion for conditional certification. *E.g., Florence*, 2018 U.S. Dist. LEXIS 221794, at *3 ("the Court finds that pre-certification discovery is unwarranted"); *Leitzke v. Jpmorgan Chase Bank, N.A.*, 2019 U.S. Dist. LEXIS 236936, at *6-7 (M.D. Fla. Dec. 9, 2019) (same); *Jones v. ASK Telemarketing, Inc.,* 2022 U.S. Dist. LEXIS 78985, at *2 (M.D. Ala. May, 2022) (holding that discovery cannot occur until after a ruling on plaintiffs' motion for conditional certification); *Bah v. Enter. Rent-A-Car Co. of Boston, LLC,* 560 F. Supp. 3d 366, 373 (D. Mass. 2021) ("the court is not ordering limited discovery before adjudicating the motion to conditionally certify the proposed class."); *Brasfield v. Source Broadband Servs., LLC*, 2008 U.S. Dist. LEXIS 110090, at *5 (W.D. Tenn. June 3, 2008) ("The leniency of Plaintiffs' burden at this first procedural stage renders even initial discovery unnecessary."); *Harris v. NPC Int'l, Inc.*, 2016 U.S. Dist. LEXIS 202071, at *6 (W.D. Tenn. May 18, 2016) ("the discovery Defendant seeks is clearly directed toward second-stage arguments and is not necessary for the pre-conditional certification stage."). As such, Plaintiffs believe that a preliminary pretrial conference should be deferred until after the Court rules on Plaintiffs' motion for conditional certification and the Defendant's motion to dismiss. Plaintiffs maintain that a ruling on their Motion for Conditional Certification and Notice will best inform all Parties and the Court on how the case will thereafter proceed. If the Motion is granted, Notice will issue and in about three months after the Order, the Parties will know how many individuals joined the case. At that point, the Parties can properly assess the scope of discovery and the extent of representative discovery of certain individuals who join, how much time will be needed to complete discovery, and when a trial could occur. To the extent Plaintiffs' Motion for Conditional Certification and Notice is denied, then the scope of discovery will be vastly different and shorter and the Parties can develop a case management plan focused on the Named Plaintiffs and potentially the current Opt-In Plaintiffs.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss **Defendant's Position** – This is not a typical FLSA case; and it is within this Court's discretion to manage these atypical proceedings in a manner befitting

of the exceptional circumstances that they present. Publix believes that an in-person case management conference will aid this Court in deciding the proper course of these proceedings. This case already includes close to 100 party plaintiffs who have joined the litigation, are under this Court's jurisdiction, and whose involvement triggers numerous obligations under the federal and local rules of procedure, among others. It potentially involves tens of thousands of putative claimants and their as-yet unidentified claims arising across more than 1,300 Publix locations in seven states. Both the sheer volume of claims and their inherently individualized and fact bound natures (described in detail in Publix's Motion to Dismiss) counsel in favor of a case-specific approach to discovery and potential collective action certification. Neither the standard discovery protocols, discovery period length, nor section 16(b) notice / conditional certification procedures are appropriate for such a case. Given the multitude of issues, size of the case, and disagreement among the parties, an in-person preliminary conference would be helpful before this Court decides what course of proceedings is appropriate under these exceptional circumstances. Publix acknowledges Plaintiffs' counterintuitive argument against what seems to be a rational approach to a complicated case in which the parties cannot agree to case management deadlines, much less how the case should proceed. An in-person conference with this Court would help to resolve those differences, while also providing guidance on immediate issues in dispute, such as Plaintiffs' indication that it is their position that no discovery should take place at all until this Court rules on their yet-to-be-filed motion for authorization to distribute notice to putative collective action members.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.

☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

**Plaintiffs' Position** – After the Court issues a decision on Plaintiffs' motion for conditional certification, discovery relating to the below issues and topics (among others) will be necessary:

(1) The payroll and timekeeping records of Plaintiffs and Opt-In Plaintiffs;

(2) Discovery relating to Defendant's affirmative defenses including Defendant's defense as to lack of knowledge of unpaid work and any good faith affirmative defense asserted.

(3) Electronic discovery relating to communications, e-mails, and messaging between Defendant and the Plaintiffs and Opt-In Plaintiffs.

(4) Defendant's policies and procedures and communications relating to store operations, timekeeping, meal breaks, labor budgeting and controlling labor costs, compensation, work rules, handbooks etc.

(5) Job duties and responsibilities of Plaintiffs and Opt-In Plaintiffs

(6) Compensation programs and bonus programs for Plaintiffs and Opt-In Plaintiffs including their direct and indirect supervisors.

(7) Performance metrics for stores and Plaintiffs and Opt-In Plaintiffs' supervisors including whether performance metrics are impacted by controlling store labor expenses.

(8) Willfulness discovery.

(9) Damages discovery, which may include expert discovery.

The above is a sample of the discovery that may be necessary and Plaintiffs reserve their right to seek additional discovery as the case progresses.

**Defendant's Position** – Before discovery on the merits of Plaintiffs' claims is conducted, discovery into issues and topics relevant to whether this case may proceed on a collective basis should occur (some discovery topics are relevant to both collective certification and merits issues). Those include:

    (1)    Whether Plaintiffs' are similarly situated:
  a. Did each Plaintiff work off the clock before or after their shifts, during an unpaid break, or by sending or responding to text messages and/or phone calls?
  b. Was each Plaintiff's off-the-clock work, if any, *de minimis*?
  c. What circumstances, if any, led each Plaintiff to work off the clock (i.e., did a customer ask a question after they clocked out, did a manager ask them to do something, etc.)?
  d. Was a putative collective member responsible for causing a Plaintiff to work off the clock.
  e. Publix's policies regarding off-the-clock work, use of personal mobile devices, reporting time worked, and other relevant policies.
  f. Publix's knowledge of off-the-clock work related to each Plaintiff's claim.
  g. Whether any Plaintiff was disciplined for working off the clock.
  h. Whether each Plaintiff knew about Publix's policies and procedures for reporting work time spent off site.

Should this case ultimately be allowed to proceed on a collective basis, additional discovery will be needed on:

    (1)    Plaintiffs' hours worked during the relevant time period
    (2)    Whether Plaintiffs can establish that Defendant knew or should have known of off-the-clock work that Plaintiffs prove occurred *and* consumed more than a *de minimis* amount of time.
    (3)    Whether Plaintiffs can establish that Defendant willfully violated the FLSA.
    (4)    Whether Plaintiffs can ultimately establish that they and those whom they pray to represent are similarly situated under § 16(b) of the FLSA.
    (5)    Plaintiffs' damages, if any.

  C.    Discovery should be conducted in phases:

☒ No. **Plaintiffs' Position** – As stated in Section 7, above, Plaintiffs oppose pre-certification discovery which is contrary to law. Plaintiffs maintain that the Court should first issue a decision on Plaintiffs' motion for conditional certification and then set a schedule for the completion of discovery. Defendant's proposed discovery seeks information relating to second stage merits and decertification issues and is not appropriate at this time. *See* Plaintiffs' Position at Section 7 (citing cases).

Notwithstanding the well-settled law that prohibits pre-certification discovery before a ruling on a plaintiff's motion for conditional certification, Defendant proposes an enormous amount of pre-certification discovery including 20 depositions and hundreds of discovery requests. All of Defendant's proposed discovery is geared to arguing issues relating to the merits of the case and creating factual disputes which, as noted at Section 7 above, is irrelevant to a motion for conditional certification.

Plaintiffs respectfully request that the Court follow the standard process in a FLSA collective action and defer discovery until after a ruling on Plaintiffs' motion for conditional certification.

☒ Yes; **Defendant's Position** - Plaintiffs request in their Amended Complaint that the court authorize notice to a nearly 29,000 person putative collective. Whether to issue such notice is thus ripe for the court's consideration notwithstanding the litigation's early stage.

Before the parties engage the Court in time-consuming and expensive motions practice concerning the propriety of "conditional certification" and collective action notice, the Court should exercise its broad discretion to manage the litigation towards its greatest efficiencies by ordering expedited discovery on the questions of whether the plaintiffs might prove that they are similarly situated and whether this case would ever be appropriate for collective determination.

Following that discovery, which should last three months, the Court should permit motions practice, if any, regarding conditional certification and notice, with the briefing schedule to be set either by agreement or by Court order. Pending a ruling on any such motion, and while expedited discovery is underway, all other proceedings in the litigation should be stayed and Plaintiffs should be ordered, if they will not agree, to cease communicating with putative collective members whom they don't already represent at the time of the Court's case management order.

Expedited discovery should include:

☐ Defendant's service on each of the named plaintiffs and 15 opt-in plaintiffs of ten interrogatories, five requests for production, and five requests for admission. This proposed written discovery is attached as Ex. __.
☐ Defendant's in-person deposition of each named plaintiff, its in-person deposition of nine opt-ins, and its virtual deposition of six opt-ins. The depositions shall be limited to four hours each and none shall

preclude further full deposition should the deponents remain parties after the court's ruling on conditional certification and notice.

☐ Defendant's production of company policy and practice-related documents such as:

- Policies regarding off-the-clock work
- Policies regarding reporting of all hours worked
- Policies governing use of personal mobile devices
- Policies governing how to record and report time worked off site
- Policies prohibiting manager encouragement of off-the-clock work.
- Policies about labor budgeting
- Publix's employee handbook

☐ Plaintiffs' service of written discovery pertaining to the named plaintiffs and the opt-in plaintiffs from and about whom Defendant seeks discovery (see first bullet), similarly limited to ten interrogatories, five requests for production, and five requests for admission.

☐ Plaintiffs' deposition of a 30(b)(6) witness regarding topics informing the court's determination of conditional certification and collective notice issues to be determined at the conclusion of expedited discovery.

☐ Plaintiffs' deposition of two additional witnesses, within reason (i.e., a deposition of Publix's CEO or other executives should not be allowed).

☐ Defendant shall have the sole discretion to choose the named and opt-in plaintiffs from and about whom the parties will engage in discovery during the expedited period.

Only after expedited discovery and rulings on the parties' motions regarding conditional certification, if certification is granted, should full merits discovery commence. Defendants request that the parties be permitted to confer again at that time to develop a discovery plan that accounts for any alterations to the proposed collective definition or other changes to the scope of this litigation caused by rulings on certification-related motions practice.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; describe the issue(s).

There are issues about these topics that will require the parties' conferral and, potentially, the Court's guidance. Plaintiffs' claims that they and others performed off-the-clock work when sending and receiving text messages on their personal devices makes information contained on their personal devices crucial to the litigation. Defendant's and Plaintiffs' counsel have conferred preliminarily on the topic and Defendant understands that Plaintiffs and opt-ins currently in the case have been advised to preserve that information. Likewise, Defendant recognizes its responsibility to use reasonable and proportionate efforts to maintain other documents and ESI that would evidence pre-shift, meal breaks and post shift work in addition to any out of store communications. The parties will confer regarding additional, related issues.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).
F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

**Plaintiffs' Position** –

As noted, Plaintiffs maintain that first phase discovery is unnecessary and Plaintiffs' Motion for Conditional Certification will be filed this week. Defendant should respond to Plaintiffs' motion for conditional certification within the timeframe provided in the Local Rules.

**Defendant's Position** –

The first phase, expedited discovery had for the limited purpose of informing the Court's determination of whether Plaintiffs can establish a basis for authorizing notice of this litigation to putative collective members, shall not affect second phase merits discovery. Otherwise discovery shall proceed in its normal course, until and unless the Court directs the parties that phased discovery shall not occur.

10. **Request for Special Handling**

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ Publix unilaterally requests special handling. Specifically, Publix requests a case management conference with this Court to seek guidance and direction regarding discovery and other matters related to the early proceedings in this case, as well as related to matters likely to occur as the litigation progresses.  Publix asks that, to the extent discovery proceeds, it be managed pursuant to the phased plan that it describes above.  In the meantime, Publix requests that the proceedings be stayed until the Court rules on Publix's pending motion to dismiss or in the alternative for expedited discovery.  What this means particularly is that Publix requests that any motions practice concerning the propriety of collective action notice be held in abeyance until the later of: (1) the denial—in the entirety—of Publix's motion to dismiss / for expedited discovery or (2) the completion of expedited discovery that Publix requests in the alternative to dismissal of Plaintiffs' collective action claims. Subsequent to the later of those two events, this Court would issue an appropriate order governing the next phase of this litigation.  Until the Court issues guidance on these matters, the litigation would proceed in its normal course.  Although this is a unilateral request, Plaintiffs state their opposition as follows.

**Plaintiffs position.**   Plaintiffs maintain that a case management conference is premature as rulings on the pending motions and Plaintiffs Motion for Conditional Certification will provide the direction as to how the matter will proceed and thus not such special handling is needed at this time.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

By: */s/ Gregg I. Shavitz*
Gregg I. Shavitz, Trial Counsel
Florida Bar No. 11398
SHAVITZ LAW GROUP, P.A.
981 Yamota Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com

Ryan Morgan, Trial Counsel
Florida Bar No. 0015527
Andrew Frisch
Florida Bar No. 27777
MORGAN AND MORGAN, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, Florida 32801
Telephone: (407) 418-2069
rmorgan@forthepeople.com
afrisch@forthepoeple.com

*Attorneys for Plaintiffs*

Date:  January 10, 2024

By: */s/ Brett C. Bartlett*
Brett C. Bartlett
*Special Admission*
GA Bar No. 040510
bbartlett@seyfarth.com
Lennon B. Haas
*Special Admission*
lhaas@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:     (404) 704-9690
Facsimile:     (404) 724-1739

Samuel J. Salario, Jr.
Fla. Bar. No. 83460
Jason Gonzalez
Fla. Bar. No. 146854
LAWSON HUCK GONZALEZ, PLLC
1700 S. MacDill Avenue, Suite 300
Tampa, FL. 33629
Tel: 813.765.5113
samuel@lawsonhuckgonzalez.com
jason@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
marsha@lawsonhuckgonzalez.com

*Counsel for Defendant*
*Publix Super Markets, Inc.*

Date:  January 10, 2024

14