# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHRISTOPHER ROBERTS**, **CAITLIN THROCKMORTON**, **BRANDY MOORE**, **KLAUS MEYER**, **ALEXIS SUTTON**, **ROB MCGAHEN**, **ELTON MORDIS**, and **SHENIKA SHEPPARD** individually on behalf of themselves, and all others similarly situated,

    Plaintiffs,

v.                                    Case No. 8:23-cv-02447-WFJ-CPT

**PUBLIX SUPER MARKETS, INC.**

    Defendant.
_____/

## ORDER

Before the Court is Defendant Publix Super Markets, Inc.'s ("Publix") Motion to Compel Discovery Responses (Dkt. 105). Plaintiffs filed a Response (Dkt. 109) and Publix filed a Reply (Dkt. 110). The Court heard oral argument on March 27, 2024. After careful consideration, the Court grants Publix's Motion and extends all deadlines in this case by forty-five days.

The Court entered a Case Management and Scheduling Order directing the parties to complete representational discovery no later than April 15, 2024. Dkt. 81 at 1. Representational discovery is to consist of ten depositions, not to exceed four hours each, with each party limited to ten interrogatories and ten document requests

per witness. *Id.* at 3. The Court entered a separate order governing the production of electronically stored information (Dkt. 102).

Publix selected ten such claimants, served interrogatories and requests for production on them, and noticed their depositions. Dkt. 105 at 3. The responses were replete with objections. Additionally, they produced text messages in PDF format. Publix filed the instant Motion asking the Court to compel more complete responses and compliance with its ESI Order.

The Court overrules all of Plaintiff's objections to Publix's interrogatories and requests for production. Publix has selected ten representatives from a proposed collective that may exceed 10,000 claimants. Any burden on Plaintiffs of responding to this representative discovery is proportional to the case. The discovery responses must be redone. Plaintiffs are directed to:

1. Fully and specifically answer interrogatories based on information known to each of the requested claimants;
2. Produce all responsive documents that are within responders' custody and control, without regard for whether such documents may also be within Publix's custody and control; and
3. Produce electronically stored information in the format directed by the Court's ESI Order (Dkt. 102).

These ten claimants are to produce all requested documents that support their claims, including text messages with non-supervisors. Plaintiffs should supply a privilege log in the unlikely event one is needed. The relevant time period for each representative claimant is the time that claimant worked for Publix, within the statute of limitations.

Objections (for example that a request is vague, not proportional, or goes to the merits) should not be used as a shield against engaging in this discovery. Both parties are reminded that boilerplate language and wordsmithing are highly disfavored by the Court. For example, if a responder is unable to identify a policy, or has no document to produce, just say so; any obfuscating verbiage should be eliminated.

Publix's Motion to Compel (Dkt. 105) is **GRANTED**. All deadlines in this case are extended by forty-five (45) days. **DONE AND ORDERED** at Tampa, Florida, on March 28, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

4